IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA,
RALEIGH DIVISON

Case No: 5:25-cv-00616-M

AMY BARNES
Plaintiff

v.

Jury Trial Requested

SAMPSON COUNTY
CITY OF CHARLOTTE
CITY OF WILSON
UNKNOWN ENTITES/
John Does

Complaint for violations of 42 U.S.C 1983, 42 U.S.C 1985(3), First Amendment, Fourth Amendment, Fourteenth Amendment and Intentional Infliction of Emotional Distress

I. The Parties to this Complaint:
① The Plaintiff (Proceeding Pro Se because the Defendants have deliberatey blocked all communication with seeking legal counsels by physical mail, digital (email and online forms) and by telephone.)
Amy Barnes
4635 Webb Lake Road (Mailing Address)

Wilson, NC 27893
540-798-5182
afb7654@proton.me

Defendant City Agencies - Sampson County, City of Charlotte and City of Wilson (collectively, "Municipal Defendants"), Unknown Entities/John Does

② Defendant NO. 1
Sampson County
Sampson County Attorney's Office
126 East Charles Street
Clinton, NC 28328

③ Defendant NO. 2
City of Charlotte
City of Charlotte Attorney's Office
600 East Trade Street
Charlotte, NC 28202

④ Defendant NO. 3
City of Wilson
Wilson City Attorney's Office
112 East Nash Street
Wilson, NC 27893

⑤ Defendant NO. 4
Unknow Entities/John Does: Their identities will be revealed through Discovery. Individuals and entities engaged in surveillance and intimidation as part of the campaign against

## II. Basic for Jurisdiction and Venue:

6. Bringing This Suit Against State/Local officals (42 U.S.C 1983 claim)
7. Claim being violated by State/Local officals
8. 42 U.S.C 1983, 42 U.S.C 1985(3), First Amendment, Fourth Amendment, and Fourteenth Amendment
9. This court has subject-matter jurisdiction under 28 U.S.C. 1331 (federal question) and 28 U.S.C. 1343(a)(3-4) civil rights
10. Venue is proper under 28 U.S.C 1391(b) because the events giving rise to these claims occurred in Sampson County, Charlotte (Mecklenburg County), and Wilson North Carolina.

## III. Factual Allegation:

11. On February 14, 2023, Plaintiff contacted the Sampson County Sheriff Office after a neighbor's dog chase the Plaintiff's special need child. Immediately, the Plaintiff and the plaintiff's children became the target of harassment and intimidation by a military-affilliated neighbor and other military-affilliated in the neighborhood.

12. The harassment escalated to stalking, following, intimidation and the use of dogs to threaten the Plaintiff and Plaintiff's children. Plantiff repeatedly reported these incidents to the Sampson County Sheriff Office on February 23, 2023 and March 9, 2023 based on the Plaintiff incident

reports, Sampson County Sheriff Office (Defendant No.1) refused to take action.

⑬ Around March 2023, the Plaintiff emailed the UNC School of Law Clinic for guidance on the matter. UNC School of Law Clinic provided the Plaintiff resources to contact.

⑭ In March 2023, the Plaintiff spoke in person with Sampson County Magistrate Issac Cortes and he suggested the Plaintiff to obtain a non-contact order.

⑮ In March 2023, the Plaintiff requested copies of incident reports from Sampson County Sheriff Office to obtain the name of the individuals that were harassing the Plaintiff. Once the Plaintiff received the reports the individuals name were redacted preventing the Plaintiff from obtaining a non-contact order.

⑯ The Plaintiff inform Sampson County Sheriff Office the reasoning behind the report and the Plaintiff were told "I can't help you on that."

⑰ The Plaintiff soughted alternate route to obtain the name of the individuals.

⑱ On March 14, 2023, the Plaintiff was able to obtain a non-contact order on

Andre K. Sturdivant-Kailmai and other individulas.

19. The Plaintiff non-contact order were dismissed on or around March 24, 2023.

20. Military-affilliated Andre K. Sturdivant-Kailmai resume intimadating the plaintiff.

21. The Plaintiff began to notice in March 2023, drones stationed over their home. The plaintiff notice while driving a drone would follow the Plaintiff vehicle from city to city in North Carolina.

22. In the began of April 2023, the Plaintiff went to Sampson County Magistrate office and spoke to an individulas who instrusted the Plaintiff to contact the military for assistance regarding Andre K. Sturdivant-Kailmai and other military affilliated.

23. April 29, 2023 the Plaintiff send emails to all military branches in hopes for assisted.

24. The Plaintiff recered emails from all the branches except the Army informing the Plaintiff the indinidual does not serve in their branch, and they instructed plantiff to continue to work with their local law enturement. The Plaintiff have email

receipt to confirmed the Plaintiff requested assisted.

25) The Plaintiff began to notice in April 2023 issue securing employment.

26) The Plaintiff sent an email to the Army on December 8, 2023 regarding target harassment from Christian T. Glenn, Eric Ramirez and Andre Sturdivant-Kailmai. The Plaintiff has yet received a response from the Army.

27) The Plaintiff reach out to Sampson County Law Enforcement by phone in 2023. The Plaintiff spoke to Lieutenant Timothy Bass, Lieutenant Special Investigation Rhonda Medlin and Captain Special Investigation Joseph G. Frischman about the Military neighbors that were harassing the Plaintiff and Plaintiff's Children.

28) The Plaintiff was unlawful arrest on March 15, 2024 by the Sampson County Sheriff Office on fabricated charge of communicating threats. The warrant was issued a year prior on April 28, 2023, the same evening Plaintiff and Plaintiff's children went to the Magistrate office to make a complaint about Andre K. Sturdivant-Kailmai and was instructed by the magistrate to contact the military. These charges were dismissed in June 2024. The arrest was retaliating intended to

29) The Plaintiff sent an email on March 15, 2024 to North Carolina Department of Justice regarding the misconduct of Sampson County Sheriff office and reported the military individuals that were harassing the Plaintiff and Plaintiff's children.

30) The Plaintiff sent an email on March 16, 2024 to the United States Department of Justice Civic Rights Division regarding the Plaintiff unlawful arrest. Plaintiff have email receipts for all communication attempt.

31) The Plaintiff continue to have issue securing a full time employment in 2024. The Plaintiff would only secured "on the spot" part-time employment and Amazon.

32) The Plaintiff and Plaintiff's children relocated to a new city; Charlotte North Carolina in April 2024.

33) The Plaintiff immediately notice Charlotte Police Department (Defendant NO.2) following the Plaintiff in unmarked vehicles, and parked vehicles outside Plaintiff's home.

34) The Plaintiff notice in Charlotte North Carolina drone surveillance from April 2024 - April 2025. The surveillance extended to physical stalking, digital interferance, and monitoring of the Plaintiff movement.

35) Defendant NO.2 (Charlotte Police Department) follow the Plaintiff to shopping centers, grocery stores, medical appointments, Children's school and college campus.

36) Defendant NO.2 (Charlotte Police Department) violated the North Carolina Public Records Act, by obstructing Plaintiff's ability to document misconduct. The request asked for records related to surveillance and their presence outside the Plaintiff's residence. The Plaintiff request were made on April 9, 2025.

37) The Plaintiff continue to experience employment interference for nearly three years without full time employment. The Plaintiff have documented the interference.

38) The Plaintiff and Plaintiff's children relocated to Wilson, North Carolina to live with family in April 2025. Defendant NO.3 (Wilson Police Department and Wilson Sheriff Office) began to surveillance the Plaintiff by drones and police vehicles.

39) Defendant No.3 (Wilson Police Department and Wilson Sheriff office) began to harass the plaintiff by pulling Plaintiff over on July 9, 2025 by Wilson County Deputy C. Cruz-Santiago on illegal traffic stop of driving under the speed; however, warning ticket was provide.

40) Defendant NO.3 (Wilson Police Department and Wilson Sheriff Office) continue to harass the Plaintiff with illegal traffic stops on July 21, 2025 Deputy PG Pierce pulled the Plaintiff at a stop sign, however wrote the Plaintiff a warning ticket for "driving under the speed".

41) The Plaintiff approach Defendant NO.3 (Wilson Police Department and Wilson Sheriff Office) Deputy C. Ellis on August 9, 2025 while surveillance the Plaintiff at a local Family Dollar. The Plaintiff provided detail statement to Deputy C. Ellis regarding attempt with a deadly weapon case were the Plaintiff was the victim and an individual that were following the Plaintiff attempted to hit the Plaintiff head on with their vehicle. The Plaintiff have evidences. Deputy C. Ellis requested to see the evidence and the Plaintiff stated they could not provide the evidence at that very moment because the camera contain other evidences against Defendant NO.3 (Wilson Police Department and Wilson Sheriff Office). Deputy C. Ellis inform the Plaintiff the report will be ready by August 12, 2025. The Plaintiff informed Deputy C. Ellis they were being followed by individuals in the community that were military-affiliated. The Plaintiff stated they will call 911. Deputy C. Ellis threaten to charge the Plaintiff if they report any one to 911 dispatch. The 911 calls would lead to papertrail on their organized harassment within the community.

42) The Plaintiff went to Defendant NO.3 (Wilson Police Department/Wilson Sheriff Office) Local Sheriff Office on August 26, 2025 to obtain the incident paper report that were reported on August 9, 2025. However, their were no report to be found in the system. The Plaintiff question why a report was not located and Supervisor J. Mclaugin stated Deputy C. Ellis informed him that the Plaintiff did not want to turn in their evidence. However, the Plaintiff stated their reason why they could not turn in evidence on August 9, 2025. Moment later Supervisor J. MClaugin handed the Plaintiff a public incident report with no information but the Plaintiff name and other inaccurate information on the report. The Plaintiff have the report in their evidence.

43) The Plaintiff was denied Public Housing by the City of Wilson on July 17, 2025. However on September 8, 2025 the Plaintiff was strategically placed directly beside a dedicated police surveillance camera feed, enabling continuous location tracking whenever Plaintiff enters or leave Plaintiff's residence.

44) Defendant NO.4 (Unknown Entites/John Does) have systematically tampered with all of Plaintiffs electronic devices and home network settings via remote-access tools, network-level surveillance, and device compromise, preventing reliable internet access to counsel, support services, job applications portals, and mail.

45) Defendant No.4 (Unknown Entites/John Does) coordinated follow along, using stationery units to visually confirm the Plaintiff presence at specific check point (Intersection, ramps etc.)

46) Defendant No.4 (Unknown Entites/John Does) coordinated organized harassment group by enlisting private individuals and military affiliated to follow, photograph, provoke and intimidate the Plaintiff and Plaintiff's children in public and private settings accross multiple counties. The tactics are subtle enough to avoid legal consequences but frequent enough to cause psychogical harm to the plaintiff and plaintiff's children

47) Defendant No.4 (Unknown Entites/John Does) conducted malicous activities; logging the Plaintiff keystokes, stealing credentials, duplicating UI elements for passwords eye icon on personal devices and leaking the Plaintiff private information to individuals. The Plaintiff has documented the evidence.

48) Defendant No.4 (Unknown Entites/John Does) would try to massed their identity by driving unmarked vehicle and while wearing military clothing. Plaintiff realize they were law enforcement when the Plaintiff see the Denfendants conduct traffic stop and assist in car accidents. The Plaintiff have documented their licence plates and took photos of the individuals.

49) Defendant NO.4 (Unknown Entites/John Does) have violated Hippa due to Defendants intercepting the Plaintiff communication to Medical staffs. Defendants violated the Plaintiff and Plaintiff's children rights to privacy.

50) Defendant No 4 (Unknown Entites/John Does) placed a malware on all personal devices belonging to the Plaintiff and devices belonging to family member. Since early 2023, the Plaintiff have been documenting persisent drone surveillance. When Plaintiff was initally able to capture clear video recording now notice cloaking technology or digital interference on devices to prevent further exposer and documentation.

51) Defendant NO.4 (Unknown Entites/John Does) would follow the Plaintiff daily. Defendant NO.4 would daily provoke the Plaintiff by boxing the Plaintiff on highway and roadways.

52) Defendant No.4 (Unknown Entites/John Does) would parked at the plaintiff bus stop daily Monday through Friday from 2:15pm to 3pm and leave when the Plaintiff's children enter the home. The drivers would be military-affiliated.

53) Defendant NO.4 (Unknown Entites/John Does) have tamper with ten public housing applications the Plaintiff applied online by change the Plaintiff date of birth on application; alter the Plaintiff social security number on housing application and removing the entire housing application after the Plaintiff submited

54) Defendant No.4 (Unknown Entites/John Does) have tamper with three vehicles the Plaintiff would use regulary to seek legal assistence. The three vehicles would have the exact same issue.

55) Defendant No.4 (Unknown Entites/John Does) have interfer with over five hundred appircations of employment the Plaintiff have submitted since 2023. The Plaintiff has been unsucessful obtaining an full time employment since reporting Sampson County Sheriff office and reporting military individuals for harassment. The Plaintiff's laptop websites would have an altered website. The Plaintiff has documented.

56) Defendant No.4 (Unknown Entites/John Does) The Plaintiff children was removed from Wilson County School without the Plaintiff permission. The Plaintiff tried to report the illegal withdraw to North Carolina of Public Instruction in Raleigh, NC by telephone and was unsucessful to reach MO Green. The Defendants No.4 has interfer with the Plaintiff reporting misconduct and retaliation.

57) The Plaintiff reach out to Duke Law School Clinic and they refer the Plaintiff to North Carolina ACLU. However, the Plaintiff communrcation have been intercepted since reporting the misconduct in 2023. The Plaintiff reach out to Duke Law School in Person in August 2025.

58) Defendant No.4/Unknown Entites (John Does) have interfer with the Plaintiff rights and daily life by conducted target surveillance, targeted harassment and violating the Plaintiff civil rights. All of the vehicles involved displayed military license plates, military decals stickers reinforcing the possibly of military-affiliated being used to intimidate and retaliate against the Plaintiff and Plaintiff's children. The Plaintiff has documented license plates numbers.

## IV. Causes of Action

Count 1: First Amendment Retaliation

59) Plaintiff realleges paragraphs 1-58
60) Defendants acting under color of law, intentionally blocked Plaintiff's communication with seeking counsel, human rights organization and press in retaliation for the Plaintiff attempts to report offical misconduct.
61) The Defendants' conduct-including repeated surveillance, harassment, interference with Plaintiff's employment, medical and personal life; was not only retaliatory, but also lacked any legitimate government purpose.
62) The Defendants' intent to suppress Plaintiff's exercise of Plaintiff first Amendment rights by documenting and reporting misconduct is implausible in light of the fact that

Plaintiff's reports were valid, lawful complaints made in good faith, and there was no action taken against Plaintiff that could be justified by law.

63) This conduct was motivated by a desire to punish and deter Plaintiff's protected speech and petitioning activity.

64) As a direct result, Plaintiff suffered loss of seeking counsel and other damages.

## Count 2: Fourth Amendment Unlawful Search and Seizure

65) Plaintiff realleges paragraph 1-58.

66) Plaintiff had a reasonable expectation of privacy in Plaintiff home, electric devices, network traffic and vehicles movements.

67) The Defendants acting/actions including the use of drones, vehicle surveillance and coordinated traffic stops, were implausible as legal law enforcement practices.

68) There was no probable cause or warrant for these activities.

69) The Defendants' use of these methods contradicts the reasonable expectation of privacy that all citizens are entitled to under the Fourth Amendment.

70) Plaintiff documented and have photographic evidence that drones were stationed over Plaintiff's home without any lawful justification.

71) Plaintiff suffered loss of privacy and liberty without due process.

### Count 3: Fourteenth Amendment Procedural and Substantive Due Process

72) Plaintiff realleges paragraphs 1-58

73) The Fourteenth Amendment forbids state deprivations of life, liberty, or property without due process.

74) Defendents' covert network tampering, unlawful arrest, and property interference deprived Plaintiff of protected interests without notice or hearing.

### Count 4: Municipal Liability

75) Plaintiff realleges paragraphs 1-58

76) The constitutional violations described arose from official policies and practices implemented by the City of Charlotte, City of Wilson and Sampson County.

77) These policies were the moving force behind the violations alleged in Counts 1-3.

### Count 5: Conspiracy to Interfere with Civil Rights 42 U.S.C. 1985(3)

78) Plaintiff realleges paragraphs 1-58

79) Defendents and their co-conspirators agreed to deprive Plaintiff of equal protection and Plaintiff Constitutional rights by or orchestrating stalking, surveillance, and harassment.

80) The repeated traffic stops by law enforcement in North Carolina particulary when they occurred without clear legal basis are further

evidence that these stops were implausible and retaliation in nature. The frequency and coordination of these stops points to intentional harassment rather than legitimate law enforcement activity.

81) Surveillance follow the Plaintiff across multiple states (North Carolina, South Carolina, Virginia and Washington DC)

82) This conspiracy was driven by retaliation for Plaintiff's protected activity.

83) Plaintiff and Plaintiff's children suffered distress, physical danger, and economic harm as a direct result.

Count 6: Intentional Infliction of Emotional Distress

84) Plaintiff realleges Paragraphs 1-58.

85) Defendants' conduct - extensive surveillance, organized harassment, unlawful arrest, and military involvement was extreme and outrageous.

86) Defendants' intend to cause severe emotional distress to Plaintiff and Plaintiff's children.

87) As a result, Plaintiff and Plaintiff's children have suffered severe mental and physical symptoms.

88) The Plaintiff visits to healthcare professionals, including Plaintiff primary doctor in June 2025 and July 2025. Plaintiff and Plaintiff's children have exhibited signs of stress, social withdrawl etc..

89) Plaintiff's children constantly looking over their shoulder and becoming fearful of attending events due to the fear of being watch by the Defendants.

## V. Request for Relief

Wherefore, Plaintiff respectfully requests that this court:

a. Declare that Defendants violated the First, Fourth and Fourteenth Amendments;
b. Declare that municipal Defendants' policies are unconstitutional;
c. Declare that Defendants' conspiracy violated 42 U.S.C 1985(3)
d. Grant compensatory damages, for severe emotional, psychological, and financial harm caused by the Defendants' actions.
e. Award punitive damages to deter the Defendants and others from engaging in similar unlawful conduct.
f. Award compensatory reasonable attorney's fees and cost;
g. Issue an Injunction to immediately stop the unlawful surveillance, harassment, interference with the Plaintiff's personal and professional life.
h. Order the Defendants and others entities to cease and desist from further actions that violate the Plaintiff and Plaintiff's children rights.
i. Grant such other and further relief as the court deems just and proper.

*Amy Barnes*

Amy Barnes          9/29/2025
4635 Webb Lake Road Wilson NC 27893 (Mailing address)
540-798-5182        afb2654@proton.me

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA, RALEIGH DIVISION

AMY BARNES
  Plaintiff

Case No:

CERTIFICATE OF SERVICE

V.

SAMPSON COUNTY
CITY OF Charlotte
CITY OF Wilson
Unknown ENTITES/
  John Does

I hereby certify that I have provided a copy of this complaint to all Defendents in accordance with the applicable rule of the court.

Amy Barnes