IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CV-00616-M-RN

AMY BARNES,

    Plaintiff,

v.

SAMPSON COUNTY, et al.,

    Defendant.

ORDER

This matter comes before the court on the Memorandum and Recommendation ("M&R") prepared by United States Magistrate Robert T. Numbers, II. DE 7. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), Judge Numbers allowed Plaintiff to proceed without paying a filing fee but recommended that this court dismiss Plaintiff's complaint for failing to state a viable claim. DE 5.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff alleges that the named and un-named Defendants have engaged in a pattern of harassment and now brings suit under 42 U.S.C. §§ 1983 and 1985(3), alleging several

constitutional violations, in addition to bringing state law claims for intentional infliction of emotional distress. *See generally* DE 1-1. Plaintiff requests an unspecified sum of damages alongside declaratory and injunctive relief. DE 1-1 at 18.

Judge Numbers recommends dismissing Plaintiff's federal claims for failing to state claims upon which relief can be granted and declining to exercise jurisdiction over the remaining state law claim. Beginning with Plaintiff's § 1983 claims against the municipal defendant, Judge Numbers explains that Plaintiff has failed to allege sufficient facts to state a claim for *Monell* liability. DE 7 at 5–6, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Regarding Plaintiff's § 1983 claims against un-named members of the military, Judge Numbers explains that federal actors are not liable to suit under § 1983. DE 7 at 6; *see also Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). As for Plaintiff's § 1985 claim, Judge Numbers explains that, because Plaintiff has not alleged a conspiracy motivated by her race or membership in some other protected class, the claim must fail as a matter of law. DE 7 at 7. And finally, in the absence of original jurisdiction, Judge Numbers recommends declining to exercise supplemental jurisdiction over Plaintiff's state-law intentional infliction claim having considered the interests of judicial economy, fairness, federalism, and comity. DE 7 at 8.

Plaintiff has not filed any objections to the M&R. Rather, Plaintiff has filed two letters updating the court as to the alleged harassment, DE 8, DE 10, and another document "opposing dismiss," but which does not lodge any specific objections to the M&R, DE 9. Instead, that document re-makes many of the complaint's factual allegations and offers new legal theories for liability, such as First Amendment retaliation. *See generally* DE 9. In the absence of specific objections, the court has reviewed the M&R for clear error and, finding none, now ADOPTS THOSE RECOMMENDATIONS AS ITS OWN. For the reasons stated in the M&R, Plaintiff's

2

federal claims are DISMISSED. Consistent with Judge Numbers' recommendation, the court will decline to exercise supplemental jurisdiction over Plaintiff's state law claim; that claim is, therefore, DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is directed to close this case.

SO ORDERED this 28th day of May, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE